BELL, J.,
dissenting.
While I certainly agree with the policy set out in Recommendation One, I believe that this policy should be adopted by administrative order, not by a Rule of Judicial Administration. The current rules do not contain any such broad, general policy decisions, and we should not open the door to do so in this matter.
Recommendation One is not a court rule. A “court rule” is defined as “[a] rule of practice or procedure adopted to facilitate the uniform conduct of litigation applicable to all proceedings, all parties, and all attorneys.” Fla. R. Jud. Admin. 2.120(a) (emphasis added). Instead of setting forth a rule of practice or court procedure, Recommendation One actually “set[s] forth the official policy of the judicial branch of state government concerning ... salary.” Fla. R. Jud. Admin. 2.244 (emphasis added). Such policy decisions have historically and appropriately been accomplished by entry of an administrative order. As the Rules of Judicial Administration state, an “administrative order” is “[a] directive nec *1171 essary to administer properly the court’s affairs but not inconsistent with the constitution or with court rules and administrative orders entered by the supreme court.” Fla. R. Jud. Admin. 2.120(c).
In essence, because a policy statement regarding the salary relationships of judicial officers directs the proper administration of court affairs, not the practice and procedures of our courts, I believe that Recommendation One should be adopted by administrative order issued by the Chief Justice, not by a new Rule of Judicial Administration.
CANTERO, J., concurs.
APPENDIX
Rule 2.244. JUDICIAL COMPENSATION
(a)Statement of Purpose. The purpose of this rule is to set forth the official policy of the judicial branch of state government concerning the appropriate salary relationships between justices and judges at the various levels of the state courts system. Although ultimate discretion in establishing judicial compensation is vested in the Florida Legislature, the salary relationships referenced in this rule reflect the policy of the judicial branch when requesting adjustments to judicial salaries.
(b) District Court of Appeal. The annual- salary of a district court of appeal judge should be equal to 95 percent of the annual salary of a supreme court justice.
(c) Circuit Court. The annual salary of a circuit court judge should be equal to 90 percent of the annual salary of a supreme court justice.
(d) County Court. The annual salary of a county court judge should be equal to 85 percent of the annual salary of a supreme court justice.